**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CARL LEE RICHARDSON,** | : | **CIVIL ACTION NO. 1:20-CV-633** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **WARDEN OF USP-ALLENWOOD,** | : | |
| | : | |
| **Respondent** | : | |

## <u>MEMORANDUM</u>

This is a habeas corpus case under 28 U.S.C. § 2241 in which petitioner Carl

Lee Richardson challenges his conviction and sentence based on the Supreme

Court's holdings in <u>Bullcoming v. New Mexico</u>, 564 U.S. 647 (2011) and <u>Rehaif v.

United States</u>, 588 U.S. __, 139 S. Ct. 2191 (2019).  We will deny the petition with

prejudice.

## I.   <u>Factual Background & Procedural History</u>

On March 10, 2006, a police officer on duty in St. Paul, Minnesota observed a

vehicle stop suddenly when the driver of the vehicle saw the officer's marked police

car.  <u>United States v. Richardson</u>, 537 F.3d 951, 954 (8th Cir. 2008).  The vehicle

pulled over to the side of the road and the driver, later identified as Richardson, got

out of the vehicle.  <u>Id.</u>  The officer continued to observe Richardson from his

vehicle, but lost sight of him for "a couple seconds" when Richardson walked

behind a dumpster.  <u>Id.</u>  The officer then parked his car and approached

Richardson on foot.  <u>Id.</u>  The officer asked Richardson why he had stopped

suddenly when he saw a police officer, and Richardson stated that he was driving

without a valid license and did not want to get a ticket.  Id.  The officer observed that Richardson was getting nervous.  Id.  The officer told Richardson that he would be getting a ticket and told him to sit in the police car.  Id.  Once Richardson was in the car, the officer searched the area behind the dumpster and found a handgun at the base of a tree.  Id.  The handgun was dry, unlike other metal objects near the dumpster, which were covered in dew.  Id. at 954-55.  The officer also observed that the handgun was warm to the touch.  Id. at 955.  A canine unit was brought into search the area.  Id.  The dog indicated that the gun had recently been discarded and connected the gun to Richardson's vehicle.  Id.  The officer then approached Richardson and asked him if he had ever been arrested before.  Id.  Richardson admitted that he had a prior felony conviction.  Id.  The officer arrested Richardson for being a felon in possession of a firearm.  Id.

Richardson was subsequently indicted for unlawful possession of a firearm in violation of 18 U.S.C. § 922(g).  Richardson was found guilty on February 6, 2007, following a jury trial in the United States District Court for the District of Minnesota.  See United States v. Richardson, No. 07-CR-35 (D. Minn. Feb. 6, 2007).  He was sentenced to a term of imprisonment of 235 months on May 11, 2007.

Richardson appealed to the United States Court of Appeals for the Eighth Circuit on August 12, 2008, arguing, *inter alia*, that the district court violated the Confrontation Clause of the Sixth Amendment by allowing expert testimony from a scientist other than the scientist who had performed tests in the case.  Richardson, 537 F.3d at 953.  The court affirmed, noting that Richardson had not raised a confrontation clause objection during the trial and that he had not established that

the constitutional error was plain under <u>United States v. Olano</u>, 507 U.S. 725 (1993), given that other circuit courts of appeals had concluded that DNA samples did not constitute testimonial evidence under the Sixth Amendment. <u>Richardson</u>, 537 F.3d at 960. Richardson filed a petition for writ of certiorari to the United States Supreme Court, which was denied on May 18, 2009. <u>Richardson v. United States</u>, 556 U.S. 1239 (2009).

Richardson moved to vacate, set aside, or correct the judgment under 28 U.S.C. § 2255 on November 17, 2009. <u>Richardson</u>, No. 07-CR-35. The District of Minnesota denied the motion on May 27, 2010. <u>United States v. Richardson</u>, No. 07-CR-35, 2010 WL 2160019, at *1 (D. Minn. May 27, 2010). Richardson moved for a certificate of appealability, and the Eighth Circuit denied the motion on December 2, 2010. <u>Richardson v. United States</u>, No. 10-2692 (8th Cir. Dec. 2, 2010).

Richardson subsequently moved for leave to file a second or successive § 2255 motion to challenge his conviction under the Supreme Court's holding in <u>Johnson v. United States</u>, 576 U.S. 591 (2015), and the Eight Circuit granted the motion on December 16, 2015. <u>Richardson v. United States</u>, 15-3188 (8th Cir. Dec. 16, 2015). The District of Minnesota denied the second § 2255 motion on November 9, 2016. <u>United States v. Richardson</u>, No. 16-CV-1735, 2016 WL 6650833, at *4 (D. Minn. Nov. 9, 2016). Richardson moved for a certificate of appealability, which the Eighth Circuit denied on January 10, 2017. <u>Richardson v. United States</u>, No. 17-1069 (8th Cir. Jan. 10, 2017).

Richardson filed the instant petition for writ of habeas corpus on April 17, 2020, challenging his conviction and sentence based on <u>Bullcoming</u> and <u>Rehaif</u>.

Respondent responded to the petition on July 29, 2020.  Respondent argues that the case should be dismissed for lack of jurisdiction because Richardson has not established that a successive § 2255 motion would be inadequate or ineffective to adjudicate his claims.  Richardson filed a reply brief in support of the petition on August 13, 2020, making the petition ripe for the court's disposition.

## II.   **Bullcoming Does Not Apply Retroactively to Richardson's Conviction**

At the outset, we will deny relief as to Richardson's <u>Bullcoming</u> claim because the rule announced in <u>Bullcoming</u> does not apply retroactively to Richardson's conviction.  In <u>Bullcoming</u>, the Court held that when a forensic laboratory report is used as evidence against a criminal accused, the Confrontation Clause gives the accused the right to cross-examine the scientist who prepared the forensic laboratory report rather than a different scientist from the same office.  564 U.S. at 652.

New rules of constitutional law, like the one announced in <u>Bullcoming</u>, apply retroactively in federal collateral review only when they are "substantive rules," that is, rules that alter "the range of conduct or the class of persons that the law punishes."  <u>Edwards v. Vannoy</u>, 593 U.S. __, 141 S. Ct. 1547, 1562 (2021).  Procedural

rules that alter "only the manner of determining the defendant's culpability" do not apply retroactively in federal collateral proceedings.[1] Id.

The rule announced in Bullcoming is clearly procedural rather than substantive.  The rule does not alter the range of conduct or the class of persons that the law punishes, it simply builds on earlier precedent in Crawford v. Washington, 541 U.S. 36 (2004) and Melendez-Diaz v. Massachusetts, 557 U.S. 305 (2009), in prescribing the range of cross-examination that a defendant is entitled to under the Confrontation Clause.  See Bullcoming, 564 U.S. at 663.  The Supreme Court has held that the rule announced in Crawford—that testimonial out-of-court statements are inadmissible unless the declarant is unavailable and the accused has had a prior opportunity to cross-examine the declarant—is procedural.  Whorton v. Bocking, 549 U.S. 406, 417 (2007).  It follows that Bullcoming, which extends Crawford to situations in which a scientist testifies to the contents of an out-of-court forensic laboratory report, is procedural.

---

[1] In reaching this conclusion, the Edwards Court overruled Teague v. Lane, 489 U.S. 288 (1989), and its progeny, which held that new procedural rules could be applied retroactively if they announced "watershed" rules of criminal procedure. See Edwards, 141 S. Ct. at 1560 ("It is time—probably long past time—to make explicit what has become increasingly apparent to bench and bar over the last 32 years: New procedural rules do not apply retroactively on federal collateral review. The watershed exception is moribund.  It must 'be regarded as retaining no vitality.'" (quoting Herrera v. Wyoming, 587 U.S. __, 139 S. Ct. 1686, 1697 (2019))).

Accordingly, because <u>Bullcoming</u> announced a new procedural rule, it does not apply retroactively to Richardson's conviction.  See <u>Edwards</u>, 141 S. Ct. at 1562. We will deny relief as to Richardson's <u>Bullcoming</u> claim for that reason.[2]

## III.  <u>Savings Clause</u>

We next consider whether we have jurisdiction to consider Richardson's <u>Rehaif</u> claims.  Federal prisoners seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. § 2255.  <u>See</u> 28 U.S.C. § 2255(e).  The Third Circuit Court of Appeals has observed that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." <u>Okereke v. United States</u>, 307 F.3d 117, 120 (3d Cir. 2002) (citing <u>Davis v. United States</u>, 417 U.S. 333, 343 (1974)).  Section 2255(e), often referred to as the savings clause, specifically prohibits federal courts from entertaining a federal prisoner's collateral challenge by an application for habeas corpus unless the court finds that a § 2255 motion is "inadequate or ineffective."  <u>Id.</u> at 120 (citing <u>In re Dorsainvil</u>, 119 F.3d 245, 251 (3d Cir. 1997)); 28 U.S.C. § 2255(e)).

---

[2] Richardson's claim would fail even if the rule announced in <u>Bullcoming</u> was a new substantive rule or an old rule.  Richardson has not shown that a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 would be inadequate or ineffective to adjudicate his <u>Bullcoming</u> claim.  <u>See</u> 28 U.S.C. § 2255(e); <u>see also</u>, <u>e.g.</u>, <u>Okereke v. United States</u>, 307 F.3d 117, 120 (3d Cir. 2002); <u>Cradle v. U.S. ex rel.</u> <u>Miner</u>, 290 F.3d 536, 538 (3d Cir. 2002).

To demonstrate that a § 2255 motion is "inadequate or ineffective," the petitioner must show "that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. U.S. *ex rel.* Miner, 290 F.3d 536, 538 (3d Cir. 2002) (*per curiam*). Significantly, § 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." Id. at 539. "It is the inefficacy of the [§ 2255] remedy, not the personal inability to utilize it, that is determinative." Id. at 538.

In Dorsainvil, the Third Circuit held that the remedy under § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a prisoner who previously filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251.

As noted above, Richardson's remaining claims are based on Rehaif, where the Supreme Court held that a conviction for unlawful possession of a firearm in violation of 18 U.S.C. § 922(g) requires proof that the defendant knowingly violated both the conduct and status elements of the statute. Rehaif, 139 S. Ct. at 2194. Richardson makes two arguments based on Rehaif: that he did not knowingly possess a firearm and that he did not knowingly violate the status element of § 922(g) because he was not aware that his prior felony convictions barred him from possessing a firearm.

Richardson's first argument does not satisfy the savings clause. Section § 922(g) has always been interpreted as requiring a defendant to knowingly possess a firearm, and Rehaif did not alter this interpretation in any way. See e.g., United States v. Barr, No. 17-1928, 2021 WL 2910939, at *1 (3d Cir. 2021) (noting that controlling precedent prior to Rehaif required government to prove that defendant "knowingly possessed a firearm" but did not require proof that defendant "knew he was a felon when he had the firearm"). Thus, any argument that Richardson did not knowingly possess a firearm could have been brought in Richardson's earlier § 2255 motion. His attempt to bring the claim in a § 2241 habeas corpus petition is unavailing.

We find that Richardson may bring his knowledge of status claim pursuant to the Third Circuit's holding in Dorsainvil, however, because Rehaif could negate his conviction for unlawful possession of a firearm and Richardson had already filed a § 2255 motion by the time Rehaif was decided in 2019. We accordingly proceed to the merits as to Richardson's knowledge of status argument.

**IV.**   **Discussion**

Section 922(g) states that it is unlawful for any person who has been convicted of a crime "punishable by imprisonment for a term exceeding one year" to possess a firearm. 18 U.S.C. § 922(g)(1). Individuals who "knowingly" violate this provision are subject to criminal penalties. 18 U.S.C. § 924(a)(2).

In Rehaif, the Supreme Court clarified the *mens rea* that is necessary for a criminal defendant to knowingly violate § 922(g). 139 S. Ct. at 2194. The Court held that the word "knowingly" applies to both the defendant's conduct and the

defendant's status.  Id.  Thus, for the defendant to be convicted, the government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it."  Id.  In other words, "[i]n felon-in-possession cases after Rehaif, the Government must prove not only that the defendant knew he possessed a firearm, but also that *he knew he was a felon* when he possessed the firearm."  Greer v. United States, 593 U.S. __, 141 S. Ct. 2090, 2095 (2021) (emphasis in original).

Petitioners seeking relief based on Rehaif's knowledge of status requirement face a high bar because "convicted felons ordinarily know that they are convicted felons."  See id. at 2095, 2097.  For this reason, petitioners who have been found guilty of unlawful possession of a firearm in violation of § 922(g) must establish a reasonable probability that they would have been acquitted if the jury had been advised of the correct *mens rea* standard.  Cf. id. at 2097 (noting that criminal defendant seeking relief based on Rehaif on direct appeal from his conviction "has the burden of showing that, if the District Court had correctly instructed the jury on the *mens rea* element of a felon-in-possession offense, there is a 'reasonable probability' that he would have been acquitted."); see also Abrams v. McConnell, 3 F.4th 783, 786 (5th Cir. 2021) (applying Greer to habeas corpus petition brought under 28 U.S.C. § 2241); Cartman v. Finley, No. 1:20-CV-432, 2021 WL 2682034, at *4 (M.D. Pa. June 30, 2021) (same).

In this case, Richardson acknowledges that he had prior convictions that were punishable by a term of imprisonment exceeding one year and that he was aware of this fact when he possessed a firearm, but he argues that he did not have

the requisite *mens rea* under <u>Rehaif</u> because "no one ever told him that when he got off of parole he still could not possess a firearm."  (Doc. 2 at 6).

Richardson's argument is without merit.  In <u>Rehaif</u>, the Supreme Court held that the statutory *mens rea* requirement under 18 U.S.C. § 924(e)(2), which states that "[w]hoever knowingly violates . . . section 922" is subject to criminal penalties, applies to both the conduct and the status requirements of § 922.  <u>Rehaif</u>, 139 S. Ct. at 2194.  Thus, to be convicted of unlawful possession of a firearm in violation of § 922(g)(1), a defendant must (a) knowingly possess a firearm and (b) know that he "has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year."  18 U.S.C. § 922(g)(1); <u>see also</u> <u>Greer</u>, 141 S. Ct. at 2095 ("In felon-in-possession cases after Rehaif, the Government must prove not only that the defendant knew he possessed a firearm, but also that *he knew he was a felon* when he possessed the firearm." (emphasis in original)).  By its terms, the statute does not require the defendant to know that his status prohibited him from possessing a firearm; it simply requires the defendant to knowingly possess a firearm and to know that he had previously been convicted of a felony at the time he did so.  <u>See</u> 18 U.S.C. § 922(g)(1); <u>United States v. Boyd</u>, 999 F.3d 171, 182 (3d Cir. 2021) (noting that <u>Rehaif</u> does not require proof that the defendant knew he "could not legally possess a firearm," it only requires proof that the defendant knew he was in the relevant category); <u>accord</u> <u>Higdon v. Finley</u>, No. 1:20-CV-221, 2021 WL 4819308, at *3 (M.D. Pa. Oct. 15, 2021).[3]  Richardson's argument accordingly fails because, as he readily

---

[3] <u>See also</u> <u>United States v. Bowens</u>, 938 F.3d 790 (6th Cir. 2019) (noting that the government "must prove that defendants knew they were unlawful users of a

concedes, (see Doc. 2 at 6), he knew that he had been convicted of a crime

punishable by imprisonment for a term exceeding one year at the time he possessed

a firearm.

## V.    <u>Conclusion</u>

We will deny Richardson's petition (Doc. 1) for writ of habeas corpus with

prejudice.  An appropriate order shall issue.


/S/ CHRISTOPHER C. CONNER<br>
Christopher C. Conner<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated:     October 29, 2021

---

controlled substance, but not, as defendants appear to argue, that they knew
unlawful users of controlled substances were prohibited from possessing firearms
under federal law"); <u>Cartman</u>, 2021 WL 2682034, at *4 ("Importantly, the
government was not required to prove that Cartman specifically knew that he was
prohibited from possessing firearms"); <u>Mueller v. White</u>, No. 4:19-CV-1751, 2021 WL
1516471, at *4 (M.D. Pa. Apr. 16, 2021) (Brann, J.); (holding that <u>Rehaif</u> does not
require "proof that the defendant specifically knew that he was prohibited from
possessing firearms"); <u>accord</u> <u>Varner v. White</u>, No. 4:19-CV-1667, 2021 WL 1517848,
at *3 (M.D. Pa. Apr. 16, 2021) (Brann, J.); <u>Oscar v. Warden, USP-Allenwood</u>, No.
3:19-CV-1800, 2020 WL 4934668, at *2 (M.D. Pa. Aug. 24, 2020) (Mannion, J.)
<u>Guerrero v. Quay</u>, No. 1:20-CV-39, 2020 WL 4226566, at *4 (M.D. Pa. July 23, 2020)
(Rambo, J.).